UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PALMERO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JIM ROBERTSON, Warden,<br><br>　　　　　Respondent. | No.  1:20-cv-00413-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTIONS FOR STAY AND TO DISMISS GROUNDS TWO AND THREE FOR FAILURE TO EXHAUST**<br><br>**[Docs. 3, 14]**<br><br>**[TWENTY-ONE DAY DEADLINE]** |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant habeas petition on March 16, 2020, challenging his 2017 conviction in Kern County Superior Court of possessing a sharp instrument in a penal institution.  Two of the three claims presented in the petition are unexhausted.  On March 25, 2020, the Court issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies.  (Doc. 10.)  On April 17, 2020, Petitioner acknowledged that the claims were unexhausted and moved for stay of the petition pending exhaustion in the state courts.  (Doc. 14.)  On April 21, 2020, the Court directed the Clerk of Court to serve the motion for stay on Respondent, and granted Respondent an opportunity to respond to the motion.  (Doc. 15.)  On June 26, 2020, Respondent filed an opposition to the motion.  Petitioner filed a reply to Respondent's opposition on July 27, 2020.  (Doc. 18.)  Upon

review of the pleadings, the Court finds that Petitioner has failed to show good cause to warrant a stay of the proceedings and will therefore recommend that the motion for stay be DENIED, and Grounds Two and Three be DISMISSED from the petition as unexhausted.

## DISCUSSION

A.    Exhaustion

As the Court stated previously, a state prisoner who wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

Petitioner raises three claims in his petition. He concedes that Grounds Two and Three have not been presented to the state courts and are unexhausted. Because the claims have not been presented to the highest state court, they are subject to dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

B.    Motion for Stay

Petitioner has filed a motion to stay the petition pursuant to Rhines v. Weber, 544 U.S. 269 (2005), while he returns to state court to exhaust the two grounds. (Doc. 14.) As grounds for good cause, Petitioner cites to Pace v. Diguglielmo, 533 U.S. 408, 416 (2005), for the proposition that a petitioner's reasonable confusion whether a state filing would be timely ordinarily constitutes "good cause" for a stay. Petitioner also claims that: (1) appellate counsel failed to timely notify him that his petition for review in the California Supreme Court had been denied; (2) Petitioner is not knowledgeable in the law, and he required additional time to research and obtain the knowledge needed to litigate his claims; and (3) despite his attempts to attend his prison law library, he was denied Priority Legal User (PLU) status. (Doc. 14.)

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this

discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was *good cause* for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are potentially meritorious, and the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277-78.

First, Petitioner's citation to Pace is unavailing. Although the Supreme Court stated that reasonable confusion over whether a state filing would be timely would ordinarily constitute good cause, see Pace, 544 U.S. at 416, such is not the case here. Petitioner never presented his unexhausted claims to the state courts. Pace involved a petitioner already pursuing state collateral relief, confused as to whether his filings were timely. Here, Petitioner has not even commenced state collateral review. In addition, Petitioner's citation to Pace and his implied assertion of confusion are completely unsupported by any facts. "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014). "An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust." Id.

Second, Petitioner's allegations that appellate counsel failed to promptly notify him of the denial of the petition for review and forward his transcripts do not amount to good cause. Petitioner alleges that appellate counsel did not notify him of the December 12, 2018, denial until June 12, 2019. He also states he was not provided his transcripts until July 12, 2019. Petitioner's conviction did not become final until March 12, 2019,[1] and the statute of limitations did not conclude until March 12, 2020. Therefore, Petitioner knew of the conclusion of direct review with nine months of the limitations period remaining. He offers no reasonable excuse for

---

[1] Since the petition for review was denied by the California Supreme Court on December 12, 2018, the conclusion of direct review occurred ninety days later, on March 12, 2019. Velasquez v. Kirkland, 639 F.3d 964, 965 (9th Cir. 2011). The one-year limitations period commenced running the following day, March 13, 2019, and concluded on March 12, 2020. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

delaying nine months without even attempting to file a state court habeas petition.  Further, as correctly noted by Respondent, the basis for Petitioner's ineffective assistance of counsel claim was within Petitioner's personal knowledge and relied on facts occurring outside the record.  Thus, the three-to-four month delay in being notified of the denial of the state petition and in receiving transcripts was inconsequential.

Third, Petitioner's allegations of ignorance of the law and law library status do not constitute good cause.  Petitioner states he was not provided with preferred library status, but he does not state that he was denied general legal user status, or that he did not have access to the law library paging system.  Petitioner submits documentation that he was subjected to modified programming from February 14, 2020, to February 25, 2020, but he fails to show how this eleven-day period prevented him from timely filing a state petition.  (Doc. 3.)  In his reply, Petitioner submits documentation showing that his institution was placed on modified programming on March 20, 2020, due to COVID-19.  (Doc. 18 at 21.)  According to the documentation, the law library remained available to PLU users, and legal education remained available in cell using the law library paging system.  (Doc. 18 at 22, 25.)  Furthermore, Petitioner filed the instant petition on March 16, 2020.  According to the documentation Petitioner submits, Petitioner could have obtained PLU status if he provided the instant case number with his law library requests.  (Doc. 18 at 11.)  Petitioner fails to show why being a General Legal User when not under modified programming, or having to use the law library paging system while under modified programming, prevented him from pursuing his state remedies.  He further fails to show that he could not obtain PLU status while on modified programming.

Fourth, Petitioner has not shown the two claims to be potentially meritorious.  As noted by Respondent, Petitioner's claims of ineffective assistance are wholly unsupported by facts.  Petitioner submits no evidence that counsel refused to contact Inmate Sanchez or Officer Cortez as witnesses.  There is no evidence that counsel failed to obtain fingerprint or DNA tests of the weapon, or that the evidence was exculpatory.  He does not provide a declaration from Inmate Sanchez concerning relevant exculpatory evidence and that Sanchez was willing to testify.  Likewise, Petitioner's allegations of ineffective assistance of appellate counsel are meritless.

Finally, Petitioner fails to show that he did not engage in dilatory tactics. As previously noted, Petitioner has not presented his unexhausted claims to the state courts, despite having had nine months to do so after being alerted to the denial of his petition for review.

**RECOMMENDATION**

For the foregoing reasons, the Court hereby RECOMMENDS that Petitioner's motion for stay be DENIED, and Grounds Two and Three be DISMISSED from the petition.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 11, 2020**                          /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE