UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER PALMERO,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON, Warden,<br><br>    Respondent. | No. 1:20-cv-00413-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 30) |

Petitioner Peter Palmero is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenges his state court conviction for possessing a weapon, specifically a sharp instrument, in a penal institution in violation of California Penal Code § 4502(a). (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 17, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be denied on the merits. (Doc. No. 30.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On March 11, 2021, petitioner filed objections to the findings

1

and recommendations.  (Doc. No. 32.)

Petitioner objects to the magistrate judge's analysis of his sufficiency of the evidence claim, arguing that "he denied ownership of the weapon and the evidence failed to establish that the second shoe belonged to him or that he ever possessed it while knowing that it contained a weapon inside." (Doc. No. 32 at 3.)  As noted in the pending findings and recommendations, however, the state appellate court's determination that there was substantial evidence to support petitioner's conviction was not unreasonable:

> At trial, Petitioner admitted the shoe belonged to him.  The shoe was also a match for Petitioner's other shoe in size, make and wear. Petitioner nonetheless contends that the knife was not his, but that another inmate, Derek Sommer, had hidden the knife in his shoe during the incident.  The jury disregarded Petitioner's and Sommer's testimony as not credible.  Sommer was impeached with 16 felony convictions and admitted he was serving a sentence of 140 years. While Sommer testified at trial that he had hidden his knife in Petitioner's shoe, the jury could conclude from other evidence that Sommer's trial testimony was false.  The appellate court noted that Sommer was located lying prone on the ground next to a blue jacket. On top of the blue jacket was an inmate-manufactured stabbing type weapon, wrapped in latex and housed in a sheath.  Following the incident, Sommer advised officers that this knife was his, provided an accurate description of the weapon, and stated he didn't want anyone else to get in trouble for the weapon he brought to the yard. Also, upon locating the shoe on the yard, Officer Farley remarked, "Well, we know who this shoe belongs to."  Petitioner replied that it was not his.  From this contradictory statement, the jury could conclude that Petitioner knew his shoe contained a knife.

(Doc. No. 30 at 8; *see also id.* at 2–3, 5–6.)  In light of this and the other evidence cited by the state appellate court and the magistrate judge, the undersigned agrees that, "after viewing the evidence in the light most favorable to the prosecution," the appellate court's conclusion that substantial evidence supported petitioner's conviction was not "objectively unreasonable."[1] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

/////

---

[1] Petitioner also contends that his *Miranda* rights were violated when the prosecution used his statement denying ownership of the shoe in response to Officer Farley's remark that, "Well, we know who this shoe belongs to." (Doc. No. 32 at 11–12.)  However, petitioner raised this belated contention for the first time in his traverse and regardless, petitioner's response to Officer Farley was not made during an interrogation.  (*See* Doc. No. 30 at 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis.

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 17, 2021, (Doc. No. 30), are adopted in full;
2. The petition for writ of habeas corpus is denied with prejudice;

/////
/////
/////
/////

3

3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and

4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 30, 2021**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE